IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
OCT 25 2013
CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

| | |
|---|---|
| Lisa Richie, | : |
| | : |
| Plaintiff, | : Civil Action No.: 13-5247 JLH |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Master Credit Systems, Inc.; and DOES 1-10, inclusive, | : **JURY TRIAL** |
| | : |
| Defendants. | : |

## COMPLAINT

For this Complaint, Plaintiff, Lisa Richie, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Lisa Richie ("Plaintiff"), is an adult individual residing in Rogers, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Master Credit Systems, Inc. ("Master"), is a Georgia business entity with an address of 2520 Shallowford Road, Suite H, Marietta, Georgia 30066-3052, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Master and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Master at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,500.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Master for collection, or Master was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Master Engages in Harassment and Abusive Tactics

12. Beginning in August 2013, Master contacted Plaintiff in an attempt to collect the Debt.

13. Master called Plaintiff at her place of employment. In response, Plaintiff requested that Master cease calling her place of employment because her employer prohibited such communications.

14. Nonetheless, Master continued to repeatedly call Plaintiff at her place of employment.

15. Further, Master threatened to bring a lawsuit against Plaintiff and garnish her wages if the Debt was not paid immediately.

16. In addition, Master failed to send Plaintiff a letter regarding the Debt within five (5) days of the initial communication.

### C. Plaintiff Suffered Actual Damages

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at her place of employment, despite knowing that Plaintiff's employer prohibited such communications.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

24. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the debt was not paid.

26. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff without intending to take such action.

27. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

28. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

29. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

31. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendants' conduct violated A.C.A. § 17-24-504(a)(1) in that Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff.

34. Defendants' conduct violated A.C.A. § 17-24-504(a)(3) in that Defendants contacted Plaintiff at his place of employment, knowing that Plaintiff's employer prohibited such communications.

35. Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

36. Defendants' conduct violated A.C.A. § 17-24-505(b)(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

37. Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

38. Defendants' conduct violated A.C.A. § 17-24-506(b)(2) in that Defendants misrepresented the character, amount and legal status of the debt.

39. Defendants' conduct violated A.C.A. § 17-24-506(b)(4) in that Defendants threatened Plaintiff with garnishment if the debt was not paid.

40. Defendants' conduct violated A.C.A. § 17-24-506(b)(5) in that Defendants threatened to take action that it did not intend to take.

41. Defendants' conduct violated A.C.A. § 17-24-506(b)(10) in that Defendants employed false and deceptive means to collect a debt.

42. Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

43. Defendants' conduct violated A.C.A. § 17-24-508(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

44. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

45. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq*.

48. As the result of Defendants' violations, Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and

      A.C.A. § 17-24-512(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f);

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 21, 2013

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff